UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| DANE CLAYTON, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>18-CV-5867 (MKB) (LB) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Dane Clayton, proceeding *pro se*, commenced the above-captioned action on October 19, 2018, against Defendant the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1336 *et seq*. ("FTCA"). (*See* Compl., Docket Entry No. 1.) Plaintiff alleges that the United States Postal Service (the "USPS") denied his request for a prohibitory order pursuant to the Prohibition of Pandering Advertisements statute, 39 U.S.C. § 3008, to prevent him from receiving advertisements from Crunch Fitness ("Crunch"), resulting in severe emotional distress. (*See id*.) On April 26, 2019, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 26; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 26-2; Order dated Feb. 5, 2019; Order dated Feb. 7, 2019, Docket Entry No. 22.) Plaintiff opposed the motion. (Pl. Mem. in Opp'n to Def. Mot., Docket Entry No. 27.)

  By report and recommendation dated August 1, 2019, Judge Bloom recommended that the Court grant Defendant's motion to dismiss the Complaint and dismiss the action and not

grant Plaintiff leave to amend the Complaint (the "R&R").  (R&R 12, Docket Entry No. 29.)

Plaintiff objects to the R&R, (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 31), and Defendant

opposes Plaintiff's objection, (Def. Resp. to Pl. Obj. ("Def. Opp'n"), Docket Entry No. 34).  For

the reasons discussed below, the Court adopts the R&R and dismisses the action without leave to

amend.

I.  **Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the pertinent facts.

a.  **Factual background**

Plaintiff alleges that he suffered personal injury when he was denied a prohibitory order from the USPS.  (Compl. 6.)  Plaintiff seeks $100,000 in damages and injunctive relief to have his name and address removed from the USPS Every Door Direct Mail ("EDDM"), Extended Carrier Route Walking Sequence Saturation ("ECRWSS"), and Enhanced Carrier Walk Sequence High-Density ("ECRWSH") service programs.[1]  (*Id.* at 8)  Plaintiff challenges the denial of his administrative claim challenging the denial of a prohibitory order.  (*Id.*)[2]

b.  **Plaintiff's administrative FTCA claim**

During the administrative process, Plaintiff identified his injuries as occurring on October 21, 2017 and including, *inter alia*, emotional injury, invasion of privacy, and negligent and intentional infliction of emotional distress.  (*See* FTCA Standard Form, annexed to the Compl. as

---

[1] Although Plaintiff refers to EDDM, ECRWSS, and ECRWSH as three different mail service programs, ECRWSS and ECRWSH are not mail service programs but "levels of mail class that provide postage discounts for certain marketing mail."  ( Def. Mem. 8.)  The Court therefore only refers to the EDDM service program.

[2] Because the Complaint is not consecutively paginated, the Courts refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

Ex. 12, Docket Entry No. 1.) Plaintiff alleges that he was injured by EDDM, (Compl. 67), and that he believes that he will "have future injuries because [his] address cannot be removed from the EDDM system without removing [his] address from the Address Management System, rendering it unrecognizable by the Postal Service and other mailers," (*id.* at 71).

In a September 19, 2018 letter to Plaintiff, the USPS explained that it was denying Plaintiff's administrative FTCA claim because the allegations by Plaintiff fell beyond the scope of the FTCA. (Letter dated Sept. 19, 2018, annexed to Compl. as Ex. 6, Docket Entry No. 1.) It further explained that Plaintiff had already pursued his claim by filing a "Pandering Petition through the appropriate administrative channels," and that the matter had "been decided in the appropriate forum and there [was] no further recourse available to [him] under the [FTCA]." (*Id.*) The underlying denial that Plaintiff sought to challenge administratively was the denial of his application for a prohibitory order to prevent Crunch from sending mail matter to his home. (Compl. at 6–8.) In denying Plaintiff's request, the USPS stated that "the mail piece submitted does not meet the criteria for a Prohibitory Order" and further explained that the "Mailer will not have [Plaintiff's] address in their mailing database to remove."[3] (Crunch Fitness Prohibitory Order Denial, annexed to Compl. as Ex. 10, Docket Entry No. 1.)

---

[3] In an August 3, 2018 letter to Senator Chuck Schumer in response to his inquiry on Plaintiff's behalf, which is attached to the Complaint, the USPS explained that although a "prohibitory order directs the sender to delete the addressee from all mailing lists owned or controlled by the sender, and prohibits the sender from engaging in any transaction involving a mailing list that includes the address," Plaintiff's request was "beyond the scope of the remedy authorized by the Pandering Statute" because it is the USPS's system that is used to provide Plaintiff's address information, not the mailer of the offending mail, and therefore, the mailer of the information, in this case Crunch, would not have Plaintiff's name or address to remove from its database, which is the "statutorily available remedy under the Pandering Statute." (Letter dated Aug. 3, 2018 from USPS to Sen. Chuck Schumer, annexed to Compl. as Ex. 15, Docket Entry No. 1.)

### c. Judge Bloom's recommendation

Judge Bloom recommended that the Court dismiss the Complaint without granting Plaintiff leave to amend. (R&R 12, 37.) In doing so, Judge Bloom broadly construed Plaintiff's claims as asserting (1) a mandamus claim seeking a writ of mandamus directing the Postmaster General of the USPS to issue a prohibitory order against Crunch, (2) an FTCA claim, and (3) state law claims of intentional and negligent infliction of emotional distress. (*See id.* at 3 n.7, 15, 33.) Judge Bloom found that: (1) Plaintiff does not satisfy the strict standard for mandamus relief under 28 U.S.C. § 1361, (*id.* at 15); (2) the Court lacks jurisdiction as to his FTCA claim as the claim is barred by the discretionary function exception or, in the alternative, the due care exception, (*id.* at 26); and (3) even assuming the Court has jurisdiction, the Complaint fails to state a claim for either intentional infliction of emotional distress, (*id.* at 35), or negligent infliction of emotional distress, (*id.* at 37).

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1

(E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

    ii.    Rule 12(b)(1)

.    A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). "[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). As a result, courts may also "refer[] to evidence outside the pleadings" to evaluate subject matter jurisdiction. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d

Cir. 2000)). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 53 (2d Cir. 2018).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

    **b.   Objections to the R&R**

While unclear, and although Plaintiff addresses the Court's general subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, Plaintiff makes no arguments in opposition to Judge Bloom's finding that the Court lacks subject matter jurisdiction. (*See* Pl. Obj.) Nevertheless, because of Plaintiff's *pro se* status, the Court construes Plaintiff's reference to jurisdiction, (*see id.* at 21), as objecting to Judge Bloom's finding on this issue, (*see* R&R 11–32). Plaintiff also does not object to Judge Bloom's recommendation that the Court deny mandamus relief. (*See* Pl. Obj.) Plaintiff appears to object to Judge Bloom's conclusion that he has failed to state a claim by arguing that: (1) he has "furnished [his] doctor's note for [his] injury" according to the statutory requirement, (2) Defendant's conduct "meets New York's definition of extreme and outrageous conduct," (*id.* at 9–12), (3) Defendant "has not furnished a

6

doctor's note" for its defense, and (4) he suffers acute stress reaction as a result of the denial of the Prohibitory Order, (Pl. Obj. 13, 18). Plaintiff further argues that he has exhausted his administrative remedies but Defendant "has not exhausted" its defense. (*Id.* at 18.) Plaintiff also appears to argue that Defendant has "taken [his] mailbox for public use and is refusing just compensation," (*id.* at 19), and that the denial of his request for a Prohibitory Order "constitutes abuse of postal regulation," (*id.* at 20), and "was laziness and haste," (*id.* at 21).

   c.  **Unopposed portions of the R&R**

Plaintiff does not object to Judge Bloom's recommendation that the Court deny mandamus relief. (*See* Pl. Obj.) The Court reviews this recommendation for clear error. Having reviewed the relevant portions of the R&R and finding no clear error, the Court adopts this recommendation pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's mandamus claim and dismisses this claim.

   d.  **Defendant's opposition to Plaintiff's objection**

Defendant opposes Plaintiff's objection to the R&R, arguing that even if Plaintiff's claims are construed liberally, "the Court should still find that the [C]omplaint lacks subject matter jurisdiction and that Plaintiff has failed to state a claim on which relief can be granted." (Def. Opp'n 4.) Defendant construes Plaintiff's objections as arguing that (1) he has stated claims for intentional infliction of emotional distress and negligent infliction of emotional distress, (2) Defendant must administratively exhaust its defenses, (3) Defendant is abusing him and the postal regulations, and (4) the Prohibitory Order was made out of laziness and haste. (*Id.*)

7

### e. Plaintiff's FTCA claim is barred by the discretionary function exception

The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))). Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees while acting within the scope of their employment." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). "To be actionable under the FTCA, a claim must allege, *inter alia*, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (alteration and internal quotation marks omitted) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)).

Pursuant to 28 U.S.C. § 2680(a), an exception to this waiver, the government's waiver of sovereign immunity from tort suits "shall not apply to":

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a); *USAA Cas. Ins. Co. v. Permanent Mission of Rep. of Namibia*, 681 F.3d 103, 111 (2d Cir. 2012); *Nwozuzu v. United States*, 712 F. App'x 31, 32 (2d Cir. 2017). "To determine whether the due care exception bars a particular claim, we apply a two-part analysis." *Gjidija v. United States*, No. 18-CV-025, 2019 WL 2615438, at *5 (S.D.N.Y. June 26, 2019) (citing *Welch v. U.S.*, 409 F.3d 646, 652 (4th Cir. 2005)), *report and recommendation adopted*, No. 18-CV-0259, 2019 WL 3889854 (S.D.N.Y. Aug. 19, 2019). Courts first ask whether a

"'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995) (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "Second, if a specific action is mandated, we inquire as to whether the officer exercised due care in following the dictates of that statute or regulation." *Welch*, 409 F.3d at 652. "If due care was exercised, sovereign immunity has not been waived." *Id.* at 652. "Exercising due care 'implies at least some minimal concern for the rights of others.'" *Nwozuzu*, 712 F. App'x at 32 (quoting *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1262 (2d Cir. 1975)).

As to the discretionary function exception, the Supreme Court has noted that while "it is unnecessary — and indeed impossible — to define with precision every contour of the discretionary function exception," *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813 (1984), "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case," *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (citing *Varig Airlines*, 467 U.S. at 813). "In examining the nature of the challenged conduct, a court must first consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz by Berkovitz*, 486 U.S. at 536 (citing *Dalehite v. United States*, 346 U.S. 15, 34 (1953)); *see also Fazi v. United States*, 935 F.2d 535, 537 (2d Cir. 1991) ("The discretionary function exception precludes claims based on decisions at the policy or planning level. Decisions at this level include decisions as to whether or not to adopt regulations and as to the content of such regulations." (first citing *Varig Airlines*, 467 U.S. at 814–20; and then citing *Caban v. United States*, 671 F.2d 1230, 1233 (2d Cir. 1982))).

9

"Moreover, assuming the challenged conduct involves an element of judgment, a court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz by Berkovitz*, 486 U.S. at 536. As the Supreme Court has explained, "[t]he basis for the discretionary function exception was Congress' desire to 'prevent judicial second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 536–37 (citing *Varig Airlines*, 467 U.S. at 814). Thus, "[t]he [discretionary function exception] bars suit only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an 'element of judgment or choice' and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in 'considerations of public policy' or susceptible to policy analysis." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 430 (S.D.N.Y. 2011) (citing *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000), *aff'd*, 713 F.3d 159 (2d Cir. 2013)).

"The very existence of [a] regulation [permitting employee discretion] creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulation' and 'it must be presumed that the agent's acts are grounded in policy when the agent exercises that discretion.'" *Needham v. United States*, No. 17-CV-05944, 2018 WL 3611944, at *3 (S.D.N.Y. July 27, 2018) (internal quotation marks omitted) (quoting *Gaubert*, 499 U.S. at 324).

Because Plaintiff makes no specific argument in support of his objection to Judge Bloom's recommendation that the Court does not have subject matter jurisdiction, the Court reviews the recommendation for clear error. *See Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) ("The clear error standard also applies when a party makes only conclusory or

general objections."). As explained below, Judge Bloom committed no error in finding that Plaintiff's claim is barred by the discretionary function exception and, as a result, the Court lacks jurisdiction to adjudicate Plaintiff's claim.

The Domestic Mail Manual (the "DMM")[4] prescribes the course of action for postal employees to follow when issuing prohibitory orders. The DDM provides:

> A prohibitory order is not issued when the application is based on any of these: a. The request of a person who the USPS finds does not qualify under any of the foregoing paragraphs of this section. b. A mail piece that the USPS finds does not offer matter for sale. c. A mail piece not originating with the person against whom the order is sought (e.g., a newspaper or magazine not mailed by the person on whose advertisement the application is based). d. A mail piece received by a foreign addressee who has no regular mailing address at which mail is delivered directly by the USPS. e. A mail piece sent by a mailer not subject to U.S. jurisdiction. f. A basis in any other way insufficient under the statute.

Domestic Mail Manual § 508.9.

In its final determination denying Plaintiff's administrative claim, USPS informed Plaintiff that "the allegations you assert in your claim form do not fall within the provisions of the [FTCA]." (Letter dated Sept. 19, 2018.) In the letter, the USPS further told Plaintiff that he had "already pursued [his] Pandering Petition through the appropriate administrative channels." (*Id.*) The final determination also told Plaintiff that this matter "has been decided in the appropriate forum and there is no further recourse available to you under the [FTCA]. Accordingly, your FTCA claim is denied." (*Id.*)

---

[4] The DMM is "a loose-leaf document published and maintained by the Postal Service." 39 C.F.R. § 111.1. "[T]he Mailing Standards of the United States Postal Service and Domestic Mail Manual are incorporated by reference in 39 C.F.R. § 111.1." *Id.* The DMM is available at: https://pe.usps.com/Downloads/DMMIMMQSG (last visited on March 31, 2020).

In considering whether Plaintiff's claim is barred by the discretionary function exception, Judge Bloom identified Plaintiff's claim as a challenge to the determination by USPS on October 21, 2017, denying Plaintiff's application for a prohibitory order against Crunch. (R&R 25–26.) Judge Bloom found that "[r]egardless of whether the claim is construed narrowly or broadly, [P]laintiff's claim falls within the [section] 2680(a) exception." (*Id.* at 26.) In reaching this conclusion, she examined the nature of the action taken by the USPS. (*Id.* at 29.) Judge Bloom concluded that because the DDM "allows an employee to decide whether the application's basis is 'insufficient under the statute,' the regulation on its face involves matters of judgment that are left to the employee implementing the regulation, giving rise to a presumption that the employee's judgments are grounded in policy considerations." (*Id.*) Judge Bloom further found that because "the EDDM program precluded granting [P]laintiff's prohibitory order application, the USPS made a choice: rather than re-design the EEDM or create an opt-out procedure as [P]laintiff suggests, the [USPS] simply denied [P]laintiff's application." (*Id.*) She concluded that Plaintiff's allegations in the Complaint "support a finding that the USPS employees made judgments grounded in policy and do *not* support a finding that USPS employees denied [P]laintiff's Crunch application based on factors unrelated to policy objectives, such as laziness or haste." (*Id.* at 29–30.)

The Court finds no error in Judge Bloom's determination and, accordingly, the Court finds that the discretionary function exception applies, barring Plaintiff's claim.[5]

---

[5] Because the Court determines that Plaintiff's FTCA claim is barred by the discretionary function exemption and, therefore, the Court does not have jurisdiction over this matter, the Court declines to address the other grounds for dismissal discussed in the R&R and raised by Defendant.

### f. Leave to amend

"A *pro se* complaint 'should not be dismissed without the [c]ourt's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (alterations omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). While "court[s] should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave to amend may be properly denied if the amendment would be 'futile,'" *Grullon*, 720 F.3d at 140 (alteration omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) (citing *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Although Plaintiff is *pro se*, the Court finds any amendment would be futile because of the nature of Plaintiff's claim. Accordingly, the Court declines to grant Plaintiff leave to file an amended complaint.

### III. Conclusion

For the reasons set forth above, the Court adopts the R&R, grants Defendant's motion to dismiss, and dismisses the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The Court directs the Clerk of Court to mail a copy of this Memorandum and Order to: Dane Clayton, 224 East 96th Street, Apt. #2-R, Brooklyn, NY 11212. The Clerk of Court is directed to close the case.

Dated: March 31, 2020
       Brooklyn, New York

SO ORDERED:

     /s/ MKB
MARGO K. BRODIE
United States District Judge